# Levy Ratner

*Attorneys*

| | | |
|---|---|---|
| Daniel J. Ratner | Dana E. Lossia* | Aleksandr L. Felstiner◆ |
| Pamela Jeffrey | Micah Wissinger | Jessica I. Apter* |
| Carl J. Levine* | Ryan J. Barbur | Rebekah Cook-Mack |
| David Slutsky* | Alexander Rabb | Geoffrey A. Leonard◆ |
| Allyson L. Belovin | Laureve D. Blackstone* | |
| Robert H. Stroup | Kimberly A. Lehmann* | |

Attorneys at Law
80 Eighth Avenue, 8th Floor
New York, NY 10011-7175
o 212.627.8100
f 212.627.8182
levyratner.com

*Of Counsel*

Patricia McConnell
Linda E. Rodd

*Special Counsel*

Richard A. Levy
Daniel Engelstein
Richard Dorn

May 11, 2023

**BY ECF**

Circuit Judges Newman, Pérez and Raggi
United States Court of Appeals
   For the Second Circuit
40 Foley Square
New York, NY 10007

Re:    United States of America, et al. v. City of New York
           Case No. 21-1929

Dear Judges Newman, Pérez and Raggi:

      I write to answer an important question Your Honors posed only to the United States during oral argument: how calling firefighter candidates for more than one Academy class to a single round of the Candidate Physical Ability Test (CPAT), as opposed to calling each class in its own tranche, could have a discriminatory impact on attrition.

      The City's failure to obtain the Court Monitor's consent for accelerated CPAT testing was significant in at least two important ways. First it deprived twice as many candidates as necessary of the benefits of specific attrition mitigation measures the City had promised but not yet implemented, J.A. 322, 335-36, 400, 410, as well as those the parties had yet to develop based on an analysis of prior CPAT test outcomes, J.A. 341-42, 400, 409, 532. The City made this choice despite knowing that the CPAT is the step in the FDNY hiring process with the greatest impact on racial disparities in attrition rates, J.A. 328, 714, and had been a primary focus of the parties' painstaking efforts to improve outcomes for Black and Hispanic candidates.

      Second, the City denied the Monitor the opportunity to consider potential impacts of extending wait times from the CPAT to the FDNY Medical Exam and the Academy, both of which, like the CPAT, are very physically demanding. J.A. 332, 409, 448-49. Thus, the City did

*Advancing the rights of everyone who works*

        \*  Admitted in NY and NJ.     ●  Admitted in NY and CA.     ◆  Admitted in NY and MI.



May 11, 2023
Page 2

not merely shift affected candidates' waiting time from pre-CPAT to post-CPAT, it also increased the risk that candidates would lose physical conditioning attained during the CPAT itself and be less successful later in the process. J.A. 448.

It is also important to recognize that the MRO requires consent for "any step in any process" – not excluding those that a reasonable person would think might have a neutral or even positive impact. J.A. 246. This is so that the Monitor can assess whether sufficient supports for Black and Hispanic candidates are in place, and the parties can identify potential problems the City might not have considered.

Respectfully submitted,

Jessica I. Apter

Cc: Barbara Schwabauer
Jamison Davies