

HON. SYLVIA O. HINDS-RADIX
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NEW YORK 10007

JAMISON DAVIES
*Assistant Corporation Counsel*
Phone: 212-356-2490
jdavies@law.nyc.gov

May 16, 2023

Hon. Catherine O'Hagan Wolfe
Clerk of Court
U.S. Court of Appeals for the Second Circuit
40 Foley Square
New York, New York 10007

Re:  *United States v. City of New York*
 Docket No. 21-1929
 Argued on May 8, 2023 before Pérez, Newman, and Raggi, JJ.

Dear Ms. O'Hagan Wolfe:

This Court should not consider plaintiffs-intervenors' May 11 letter. Intervenors elected to limit their argument to jurisdiction. Belatedly second-guessing that tactical decision does not justify a post-argument submission.

Regardless, the letter provides no reason for affirmance. It first asserts, as did the Monitor, that the number of candidates called for the CPAT deprived candidates of some forms of attrition mitigation. But while attrition increased across the board, "attrition rates for Black candidates increased less than for White candidates" (SPA11; *see* A779, 914), perhaps because the City assessed the data and implemented attrition mitigation efforts before calling round two (A913–14). As the Monitor acknowledged, calling candidates faster could also increase early engagement and investment, thereby diminishing attrition risks (A332).

Intervenors' second point—that taking the CPAT earlier may affect physical performance on the medical exam or at the Academy—has even less support. They don't explain why there would be any disparity between minority and white candidates in this regard. Also, waiting to take the CPAT could have caused lost conditioning even earlier, before many attrition-mitigation measures began. Plus, though the Monitor's report suggested that the City may not have considered unspecified downsides to a longer interval between the CPAT and the remaining hiring steps, lost fitness was never mentioned (A448).

We do agree with intervenors that whether the purported change had a negative, neutral, or positive impact doesn't answer the question on appeal: whether it unambiguously constituted a "step" under the MRO. That defined term doesn't clearly incorporate a comparative concept of harm—if anything, the two ideas would seem to be at right angles. Nor does the term clearly encompass any "change" in policy, as the district court suggested, for the same reason. Doubtless the CPAT is a "step," but what's at issue here is at best a *subcomponent* of that step. And the City disclosed the subcomponent, flagging well in advance the number of candidates it would call. The additional fact that the number allegedly reflected a change in policy did not require separate approval under the MRO—much less unambiguously so.

> Respectfully submitted,
>
> HON. SYLVIA O. HINDS-RADIX
> *Corporation Counsel*
> *of the City of New York*
> Attorney for City of New York
>
> By: _____
> Jamison Davies
> Assistant Corporation Counsel

cc: all counsel (via ECF)